Bartlett, J.
This was a proper case for an order of interpleader. The • insurance moneys in the hands of the respondent are conceded to be due to the children of Therese Sand. The plaintiffs’ claim to be her only lawful children. Bertha Koehler, who has been substituted as defendant by the order under review, asserts that she, also, is a lawful child of Therese Sand, and demands that she be allowed to share in the distribution of the insurance moneys. Her legitimacy -is denied by the plaintiffs, who contend that inasmuch as she was not born in wedlock, there is no reasonable doubt that they, and they alone, are entitled to the proceeds of the insurance policy. But the question of illegitimacy could not properly be determined on this motion.
The affidavit of Bertha Koehler herself, although deficient in particulars, sufficed to show that there was a substantial controversy upon that point, and to indicate that her claim could not safely be disregarded by the insurance company.
There was nothing which would have warranted the court in finding that the respondent was acting in collusion with the claimant.
As to the identity of the debt alleged to be in dispute, it is sufficient if the claimant’s demand is one which must be satisfied out of the fund, even though he does not claim the whole. Barnes v. Mayor, 27 Hun, 236; Suart v. Welch, 4 Mylne & Craig, 316.
In the present case, however, as the substituted defendant appears in no event to be entitled to more than one-third, the plaintiffs, upon making a proper application to the special term,,should be allowed to receive the remainder without awaiting the termination of the suit.
The order appealed from, should be affirmed.
Van Brunt, P. J., and Macomber, J., concur.